UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BASKIN-ROBBINS FRANCHISING LLC, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 12-19** |
| **CDS ENTERPRISES LLC, ET AL.** | **SECTION I** |

## PRELIMINARY INJUNCTION

Considering the motion[1] for preliminary injunction filed without opposition by plaintiffs, Baskin-Robbins Franchising, LLC ("BRF"), DB Real Estate Assets II LLC ("DB Real Estate"), and BR IP Holder, LLC (individually, "BR Holder," together with Baskin-Robbins, collectively, and individually, "Baskin-Robbins"), the record of this civil action, and applicable law:

**IT IS ORDERED** that the motion is **GRANTED**. CDS Enterprises, LLC ("CDS"), Christopher Roberts ("C. Roberts"), and Katherine Roberts ("K. Roberts," together with CDS and C. Roberts, collectively, and individually, the "Defendants"), as well as their agents, employees, representatives, and all persons acting in concert with them or under their control, be preliminarily enjoined to:

    A.    immediately cease to hold themselves out as franchisees of Baskin-Robbins, and shall not, directly or indirectly, represent to the public or hold themselves out as present or former franchisees of Baskin-Robbins;

    B.    immediately cease to use, in advertising or in any other manner whatsoever, and refrain from disclosing, revealing, or publishing any feature of method associated with the Baskin-Robbins System, any Baskin-Robbins Marks, and any other trade names, trademarks,

---

[1] R. Doc. No. 2.

1

trade secrets, confidential information, operating manuals, slogans, trade dress, signs, symbols, or devices which are part of the Baskin-Robbins System;

      C.     immediately return to Baskin-Robbins all operating manuals, plans, specifications, and other materials in their possession containing information prepared by Baskin-Robbins, and all copies thereof, and shall retain no copy or record of any of the foregoing, except the Defendants' copy of the Franchise Agreement, any correspondence between the parties, and any other documents reasonably needed for compliance with any provision of law;

      D.     immediately remove from 700 Terry Parkway, Suite B, Terrytown, Louisiana 70056 ( the "Premises"), and from any equipment, signs, trade fixtures, furnishings and other personal property and return to Baskin-Robbins, all of the Baskin-Robbins Marks or other indicia of Baskin-Robbins, and shall disconnect, withdraw and/or terminate any telephone listings and/or fictitious name registration containing any part of the Baskin-Robbins Marks, and upon Baskin-Robbins' written demand, however, the Defendants shall assign to Baskin-Robbins any telephone numbers used in the operation of the restaurants if such number is listed in the directory using any of the Baskin-Robbins Marks;

      E.     immediately destroy or surrender to Baskin-Robbins all signs, stationery, forms, printed matter, advertising, and paper goods containing the Baskin-Robbins Marks and any name or mark containing the designation "Baskin-Robbins" and every other deceptively similar name and mark, or any other designation indicating or intending to indicate that they are authorized Baskin-Robbins franchisees;

      F.     make such modifications or alterations to the Premises as may be necessary to distinguish the appearance of such premises from that of units in the Baskin-Robbins System;

G.    refrain from using, in connection with any business or the promotion thereof, any reproduction counterfeit, copy or colorable imitation of any of the Baskin-Robbins marks or trade dress;

H.    refrain from utilizing any designation of origin or description or representation which falsely suggests or represents any association or connection with Baskin-Robbins;

I.    refrain from preventing or limiting authorized representatives of Baskin-Robbins from access to books, records, and accounts of the Defendants to ascertain the extent of Baskin-Robbins' damages as a result of the Defendants' conduct; and

J.    refrain, for a two (2) year period following termination of the Franchise Agreement and within a five (5) miles radius of the Premises, from owning, maintaining, being employed by, or having any interest in any other business which sells or offers to sell the same or substantially similar products to the type Baskin-Robbins requires to be offered at such premises.

**IT IS FURTHER ORDERED** that the Defendants are directed, upon receipt of this preliminary injunction, to confer with Baskin-Robbins as to a practicable means of compliance with all post-termination obligations included in the Franchise Agreement between Baskin-Robbins and the Defendants, such as the return of proprietary materials, operating manuals, and the like;

**IT IS FURTHER ORDERED** that the Defendants are **ORDERED** to file and serve within thirty-five (35) days after entry of this preliminary injunction a report in writing under penalty of perjury setting forth in detail the manner and form in which the Defendants have complied with this preliminary injunction;

**IT IS FURTHER ORDERED** that Baskin-Robbins is not required to post of a bond or other security in connection with the preliminary injunction and that the requirements of FED. R. CIV. P. 65(c) are waived.

New Orleans, Louisiana, March 8, 2012.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE